UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOPPHOL BUATHONGSRI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZENAS BIOPHARMA, INC. LEON O. MOULDER, JR., JENNIFER FOX, PATRICIA ALLEN, JAMES BOYLAN, PATRICK ENRIGHT, TOMAS KISELAK, HONGBU LU, PH.D, JAKE NUNN, JOHN ORLOFF, M.D., TING XIAO, MORGAN STANLEY & CO. LLC, JEFFERIES LLC, CITIGROUP GLOBAL MARKETS, INC., GUGGENHEIM SECURITIES, LLC,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br><u>JURY TRIAL DEMANDED</u><br><br><u>CLASS ACTION</u> |

Plaintiff Nopphol Buathongsri ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Zenas BioPharma, Inc. ("Zenas BioPharma" or the "Company"), as well as media and analyst reports about the Company and Company press releases. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein.

**NATURE OF THE ACTION**

1.      Plaintiff brings this securities class action on behalf of persons who purchased or otherwise acquired Zenas BioPharma securities pursuant and/or traceable to the registration

1

statement and related prospectus (collectively, the "Registration Statement") issued in connection with Zenas BioPharma's September 2024 initial public offering (the "IPO" or "Offering") and suffered compensable damages caused by Defendants' violations of the Securities Act of 1933 (the "Securities Act").

2. On or around September 13, 2024, Defendants held the IPO, offering 13,235,294 million shares to the investing public at $17.00 per share

3. By the commencement of this action, Zenas BioPharma's shares trade below its IPO price. As a result, investors were damaged.

## JURISDICTION AND VENUE

4. The claims alleged herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2) and 77o.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §22 of the Securities Act.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and §22(a) of the Securities Act (15 U.S.C. §77v(a)) as a significant portion of the Defendants' actions, and the subsequent damages took place within this District.

7. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of a national securities exchange. Defendants disseminated the statements alleged to be false and misleading herein into this District, and Defendants solicited purchasers of Zenas BioPharma securities in this District.

## PARTIES

8. Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities pursuant and/or traceable to the IPO and was damaged thereby.

9. Defendant Zenas BioPharma purports to be a "clinical stage global biopharmaceutical company committed to being a leader in the development and commercialization of transformative immunology-based therapies for patients in need."

10. The Company is incorporated in Delaware and its head office is located at 852 Winter Street, Suite 250, Waltham, Massachusetts 02451. Zenas BioPharma securities trade on the Nasdaq Global Select Market (the "NASDAQ") under the ticker symbol "ZBIO."

11. Defendant Leon O. Moulder, Jr. ("Moulder") was at the time of the IPO the Company's Chief Executive Officer and Chairman of the Board of Directors (the "Board"), and signed or authorized the signing of the Company's Registration Statement.

12. Defendant Jennifer Fox ("Fox") was at the time of the IPO the Company's Chief Business Officer and Chief Financial Officer, and signed or authorized the signing of the Company's Registration Statement.

13. Defendant Patricia Allen ("Allen") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

14. Defendant James Boylan ("Boylan") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

15. Defendant Patrick Enright ("Enright") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

16. Defendant Tomas Kiselak ("Kiselak") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

17. Defendant Hongbo Lu, Ph.D. ("Lu") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

18. Defendant Jake Nunn ("Nunn") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

19. Defendant John Orloff, M.D. ("Orloff") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

20. Defendant Ting Xiao ("Xiao") was at the time of the IPO a Director and signed or authorized the signing of the Company's Registration Statement.

21. The Defendants named in ¶¶ 11-20 are sometimes referred to herein as the "Individual Defendants."

22. Each of the Individual Defendants signed the Registration Statement, solicited the investing public to purchase securities issued pursuant thereto, hired and assisted the underwriters, planned and contributed to the IPO and Registration Statement, and promotions to meet with and present favorable information to potential Zenas BioPharma investors, all motivated by their own and the Company's financial interests.

23. Defendant Morgan Stanley & Co. LLC ("Morgan Stanley") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Morgan Stanley's address is 1585 Broadway, New York, NY 10036-8293.

24. Defendant Citigroup Global Markets Inc. ("Citigroup") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Citigroup's address is 390 Greenwich St, New York, NY 10013.

25. Defendant Jefferies LLC ("Jefferies") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Jefferies' address is 520 Madison Avenue, New York, NY 10022.

26. Defendant Guggenheim Securities, LLC ("Guggenheim") is an investment banking firm that acted as a representative underwriter of the Company's IPO, helping to draft and disseminate the IPO documents. Defendant Guggenheim's address is 330 Madison Avenue, New York, NY 10017.

27. The Defendants named in ¶¶ 23-26 are sometimes referred to herein as the as the "Underwriter Defendants."

28. Pursuant to the Securities Act, the Underwriter Defendants are liable for the false and misleading statements in the Registration Statement as follows:

(a) The Underwriter Defendants are investment banking houses that specialize in, among other things, underwriting public offerings of securities. They served as the underwriters of the IPO and shared millions of dollars in fees collectively. The Underwriter Defendants arranged a roadshow prior to the IPO during which they, and representatives from Zenas BioPharma, met with potential investors and presented highly favorable information about the Company, its operations and its financial prospects.

(b) The Underwriter Defendants also demanded and obtained an agreement from Zenas BioPharma and the Individual Defendants that Zenas BioPharma would indemnify and hold the Underwriter Defendants harmless from any liability under the federal securities laws.

(c) Representatives of the Underwriter Defendants also assisted Zenas BioPharma and the Individual Defendants in planning the IPO, and purportedly conducted an adequate and reasonable investigation into the business and operations of Zenas Biopharma, an undertaking

known as a "due diligence" investigation. The due diligence investigation was required of the Underwriter Defendants in order to engage in the IPO. During the course of their "due diligence," the Underwriter Defendants had continual access to internal, confidential, current corporate information concerning the Company's most up-to-date operational and financial results and prospects.

(d) In addition to availing themselves of virtually unlimited access to internal corporate documents, agents of the Underwriter Defendants met with Zenas BioPharma's lawyers, management and top executives and engaged in "drafting sessions." During these sessions, understandings were reached as to: (i) the strategy to best accomplish the IPO; (ii) the terms of the IPO, including the price at which Zenas BioPharma securities would be sold; (iii) the language to be used in the Registration Statement; what disclosures about Zenas BioPharma would be made in the Registration Statement; and (iv) what responses would be made to the SEC in connection with its review of the Registration Statement. As a result of those constant contacts and communications between the Underwriter Defendants' representatives and Zenas BioPharma's management and top executives, the Underwriter Defendants knew of, or in the exercise of reasonable care should have known of, Zenas BioPharma's existing problems as detailed herein.

(e) The Underwriter Defendants caused the Registration Statement to be filed with the SEC and declared effective in connection with the offers and sales of securities registered thereby, including those to Plaintiff and the other members of the Class.

29. Zenas BioPharma, the Individual Defendants, and the Underwriter Defendants are referred to collectively as "Defendants."

## SUBSTANTIVE ALLEGATIONS

**Materially False and Misleading Statements**

30. On or about August 22, 2024, Zenas BioPharma filed with the SEC a Registration Statement on Form S-1, which in combination with a subsequent amendment on Form S-1/A, and which was declared effective by the SEC on September 12, 2024, would be used for the IPO.

31. On September 13, 2024, Zenas BioPharma filed with the SEC its final prospectus for the IPO on Form 424B4 (the "Prospectus"), which forms part of the Registration Statement. In the IPO, Zenas BioPharma sold 13,235,294 shares at $17.00 per share.

32. The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation.

33. Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

34. The Prospectus stated the following:

> As of June 30, 2024, we had $183.9 million in cash. ***Based upon our current operating plan, we believe that the expected net proceeds from this offering, together with our existing cash, will be sufficient to fund our operating expenses and capital expenditure requirements for at least the next 24 months***. We have based this estimate on assumptions that may prove to be wrong, and we could exhaust our available capital resources sooner than we expect. We expect to attempt to raise additional cash in advance of exhausting our available capital resources.

(Emphasis added).

35. The statement referenced in ¶ 34 above was materially false and/or misleading because it misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results. Specifically, the Registration Statement

contained false and/or misleading statements and/or failed to disclose that: (1) Zenas BioPharma materially overstated the amount of time that it would be able to fund its operations using existing cash and expected net proceeds from the IPO; and (2) as a result, Defendants' public statements were materially false and misleading at all relevant times and negligently prepared.

36. On November 12, 2024, shortly after the IPO, the Company filed with the SEC its quarterly report on Form 10-Q for the period ended September 30, 2024 (the "3Q24 Report"). In pertinent part, the 3Q24 Report stated that the Company could fund its operations for the following twelve months, not twenty-four, as it had stated in the Registration Statement. The 3Q24 Report stated the following:

> ***The Company expects that its existing cash, cash equivalents and investments of $386.8 million as of September 30, 2024 will be sufficient to fund its operating expenses and capital expenditure requirements for at least twelve months from the date these condensed consolidated financial statements were available to be issued***. The Company will need additional financing to support its continuing operations and to pursue its growth strategy. Until such time as the Company can generate significant revenue from product sales, if ever, it expects to finance its operations through a combination of private or public equity financings, debt financings or other capital sources, including collaborations with other companies or other strategic transactions and licensing agreements. The Company may be unable to raise additional funds or enter into such other agreements when needed on favorable terms or at all. The inability to raise capital as and when needed could have a negative impact on the Company's financial condition and its ability to pursue its business strategy. The Company will need to generate significant revenue to achieve profitability, and it may never do so.
>
> (Emphasis added).

37. Since the IPO, and as a result of the disclosure of material adverse facts omitted from Zenas BioPharma's Registration Statement, Zenas BioPharma's share price has fallen substantially below its IPO price, damaging Plaintiff and Class members. As of the close of trading on April 15, 2025, the closing price of Zenas BioPharma stock was $8.72, 48.7% below the IPO price.

38. Additionally, due to the materially deficient Registration Statement, Defendants

have also violated their independent, affirmative duty to provide adequate disclosures about adverse conditions, risk and uncertainties. Item 303 of SEC Reg. S-K, 17 C.F.R. §229.303(a)(3)(ii) requires that the materials incorporated in a registration statement disclose all "known trends or uncertainties" reasonably expected to have a material unfavorable impact on the Company's operations.

39. SEC Regulation S-K, 17 C.F.R. § 229.503, required the "Risk Factor" section of the Registration Statement to discuss the most significant factors that made the Offering risky or speculative and that each risk factor adequately described the risk. Defendants' failure to disclose the already occurring significant problems underlying its base business, as well as the likely material effects it would have on the Company's ADS price, rendered the Registration Statement's many references to known risks that "if" occurring "may" or "could" adversely affect the Company as false and misleading.

40. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action as a class action on behalf of all those who purchased Zenas BioPharma securities pursuant and/or traceable to the Registration Statement (the "Class"). Excluded from the Class are Defendants and their families, the officers and directors and affiliates of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

42. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Zenas BioPharma or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

43. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

44. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

45. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

   a) whether Defendants violated the federal securities laws;

   b) whether the Registration Statement contained false or misleading statements of material fact and omitted material information required to be stated therein; and

   c) to what extent the members of the Class have sustained damages and the proper measure of damages.

46. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and

burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Violations of Section 11 of the Securities Act Against All Defendants

47. Plaintiff incorporates all the foregoing by reference.

48. This Count is brought pursuant to §11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

49. The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

50. Defendants are strictly liable to Plaintiff and the Class for the misstatements and omissions.

51. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

52. By reason of the conduct herein alleged, each Defendant violated or controlled a person who violated §11 of the Securities Act.

53. Plaintiff acquired Zenas BioPharma securities pursuant to the Registration Statement.

54. At the time of their purchases of Zenas BioPharma securities, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct

alleged herein and could not have reasonably discovered those facts prior to the disclosures herein.

55. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT II
### Violations of Section 12(a)(2) of the Securities Act Against All Defendants

56. Plaintiff incorporates all the foregoing by reference.

57. By means of the defective Prospectus, Defendants promoted, solicited, and sold the Company's securities to Plaintiff and other members of the Class.

58. The Prospectus for the IPO contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above. Defendants owed Plaintiff and the other members of the Class who purchased Zenas BioPharma securities pursuant to the Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectus as set forth above.

59. Plaintiff did not know, nor in the exercise of reasonable diligence could Plaintiff have known, of the untruths and omissions contained in the Prospectus at the time Plaintiff acquired Zenas BioPharma securities.

60. By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the Securities Act, 15 U.S.C. §77l(a)(2). As a direct and proximate result of such violations, Plaintiff

and the other members of the Class who purchased Zenas BioPharma securities pursuant to the Prospectus sustained substantial damages in connection with their purchases of the securities. Accordingly, Plaintiff and the other members of the Class who hold the securities issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their securities, and hereby tender their securities to Defendants sued herein. Class members who have sold their securities seek damages to the extent permitted by law.

61. This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## COUNT III
### Violations of Section 15 of the Securities Act Against the Individual Defendants

62. Plaintiff incorporates all the foregoing by reference.

63. This cause of action is brought pursuant to §15 of the Securities Act, 15 U.S.C. §77o against all Defendants except the Underwriter Defendants.

64. The Individual Defendants were controlling persons of Zenas BioPharma by virtue of their positions as directors or senior officers of Zenas BioPharma. The Individual Defendants each had a series of direct and indirect business and personal relationships with other directors and officers and major shareholders of Zenas BioPharma. The Company controlled the Individual Defendants and all of Zenas BioPharma's employees.

65. Zenas BioPharma and the Individual Defendants were culpable participants in the violations of §§11 and 12(a)(2) of the Securities Act as alleged above, based on their having signed or authorized the signing of the Registration Statement and having otherwise participated in the process which allowed the IPO to be successfully completed.

66.     This claim is brought within one year after discovery of the untrue statements and/or omissions in the Offering that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering. It is therefore timely.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

A.      declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

B.      awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C.      awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: April 16, 2025                                Respectfully submitted,

                                                   **THE ROSEN LAW FIRM, P.A.**
/s/ Joshua Baker, Esq.
Joshua Baker, Esq. (BBO # 695561)
101 Greenwood Ave., Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827

Phillip Kim, Esq. (*pro hac vice* to be submitted)
Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
275 Madison Ave., 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: philkim@rosenlegal.com

*Counsel for Plaintiff*